IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED JUN 2 2 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DANIEL MEJIA<br>4472 Dale Boulevard<br>Dale City, Virginia 22193<br><br>Plaintiff,<br><br>v.<br><br>DALE SEAFOOD, INC.<br>14132 Minnieville Road<br>Woodbridge, Virginia 22193<br><br>  Serve: Resident Agent<br>      Esther Baek Tak<br>      6523 Greenview Lane<br>      Springfield, Virginia 22152<br><br>ESTHER BAEK TAK<br>6523 Greenview Lane<br>Springfield, Virginia 22152<br><br>Defendants. | Civil Action No.<br><br>1:15cv791 CMH/TCB |

## COMPLAINT

Plaintiff, Daniel Mejia ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Dale Seafood, Inc. and Esther Baek Tak (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

### INTRODUCTION

Plaintiff worked for Defendants as a cook. Plaintiff was paid a flat weekly rate for all hours worked. Plaintiff worked on average over sixty-three hours per week and was not paid at the overtime rate of one and a half times his wage as required by federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE MARYLAND 20850

TELEPHONE 301-340-2020

compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant Dale Seafood ("Dale Seafood") is a Virginia Corporation.

5. Defendant Esther Baek Tak is the owner of Dale Seafood.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Esther Baek Tak controlled the day to day operations of Dale Seafood.

11. Defendant Esther Baek Tak had the power to hire, fire, suspend, and discipline Plaintiff.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301 340 2020

4098564_1

12. Defendant Esther Baek Tak supervised Plaintiff directly or indirectly.

13. Defendant Esther Baek Tak directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Esther Baek Tak directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16. Defendant Esther Baek Tak would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a cook from July 17, 2008 through April 4, 2015 (the "Employment Period").

18. Plaintiff was paid at a fixed rate of $500.00 per week and worked approximately 63 hours per week. He worked from 10:30 a.m. to 9:00 p.m. Monday through Saturday and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

19. Plaintiff is owed approximately $13,970.43 in overtime wages for the statutory period.

20. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

21. By statute, Defendants are required to maintain records which document the wages, hours and other conditions of employment. 29 U.S.C. §211.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301 340 2020

22. The precise number of hours worked, and wages owed, should be revealed through discovery.

23. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

## COUNT I
## (FLSA)

24. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

26. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

27. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

28. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $27,940.86 which is two times the overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301 340 2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Mary Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

4098564_1