IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **DANIEL MEJIA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15cv791 (CMH/TCB) |
| ) | |
| **DALE SEAFOOD, INC. et. al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

Defendants Dale Seafood, Inc. ("Dale Seafood") and Esther Baek Tak, by counsel, hereby file this Memorandum in Support of their Motion to Dismiss the Complaint filed by Daniel Mejia pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For reasons more fully stated below, Plaintiff's Complaint must be dismissed because Dale Seafood and Ms. Tak do not fall within the Fair Labor Standards Act's coverage, and therefore, this Court lacks subject matter jurisdiction.

**I.    Introduction**

Ms. Ester Baek Tak operates Dale Seafood, a small seafood restaurant located in a strip mall in Woodbridge, Virginia. The restaurant offers typical wharf style seafood fare, mainly consisting of fried foods and steamed crabs.

Mr. Mejia worked as a cook at Dale Seafood. His sole responsibility was to steam or fry seafood as the orders came in. Mr. Mejia never had direct contact with the customers, and always reviewed the orders as they were handed to him by Ms. Tak.

In his one-count Complaint, Mr. Mejia seeks damages for the violation of the Fair Labor Standards Act ("FLSA"). He alleges that he was paid a fixed rate of $500.00 per week, and that he never received overtime compensation as required by 29 U.S.C. § 207(a).

## II.  Argument

### a.  Legal Standard

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. *Richmond, Fredericksburg & Potomac R.R.Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the movant may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," and the court may consider evidence outside of pleadings such as exhibits and affidavits. *Materson v. Stoke*, 166 F.R.D. 368, 371 (E.D.Va. 1996). Unlike a Rule 12(b)(6) motion, the Plaintiff does not enjoy the presumption that "truthfulness attaches to the plaintiff's allegations, and the existence of disputed material [evidentiary] facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mays v. Al-Amin Brothers Transp., L.L.C.*, 2009 WL 1650412 at *2 (E.D.Va., Jun. 11, 2009).

### b.  FLSA Limits its Application to Specific Employees and Employers

In enacting the FLSA, Congress did not "exercise the full scope of its power to regulate commerce." *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 456 (4th Cir. 1963). Congress rejected proposed language to apply the FLSA to all employees "engaged in commerce in any industry affecting commerce," and the U.S. Supreme Court has interpreted this rejection as Congress's intent to deliberately and purposefully apply the Act to "the selection of the smaller group." *McLeod v. Threlkeld*, 319 U.S. 491, 493, 63 S.Ct. 1248, 1250 (1943).

Plaintiff's Complaint purports to state a cause of action for violation of Section 207 of the FLSA. Compl. ¶25. Section 207(a) states, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and on-half times the regular rate…

Thus, in order for the FLSA to apply in this case, Plaintiff himself must have "engaged in commerce or in the production of goods for commerce" while employed at Dale Seafood, or Dale Seafood must be "an enterprise engaged in commerce or in the production of goods for commerce." Plaintiff cannot prove either in this case.

### c. Dale Seafood Is Not an "Enterprise" As Defined By FLSA

FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" to mean:

> An enterprise that –
>
> > (A)(i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**
>
> > (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000…

29 U.S.C. § 203(s)(1)(A) (emphasis added). In order to meet the jurisdictional threshold, the Plaintiff makes a conclusory allegation that Dale Seafood "had annual gross volume of sales made or business done in an amount exceeding $500,000". Compl. ¶6. However, as set forth in Exhibit 1, Affidavit of Esther Baek Tak and its relevant exhibits, Dale Seafood's annual gross volume of sales in calendar years 2012, 2013, 2014 and 2015 did not meet the jurisdictional

3

threshold of $500,000.[1] Thus, Dale Seafood is not an "enterprise engaged in commerce or in the production of goods for commerce", and is exempt from the coverage of 29 U.S.C. § 207(a).

### d. Mr. Mejia Is Not an Employee "Engaged in Commerce or in the Production of Goods for Commerce"

Plaintiff correctly does not allege that he was an employee engaged in commerce or in the production of goods for commerce while he was employed at Dale Seafood. Even if he now tries, in an attempt to cure the jurisdictional deficiency, to argue that he was an employee engaged in commerce, such an argument is futile. In *Rains v. East Coast Towing & Storage, LLC*, 820 F. Supp.2d 743 (E.D.Va. 2011), this Court ruled that a tow truck driver who towed vehicles only within the Commonwealth of Virginia was not engaged in interstate commerce. In reaching this conclusion, the Court concluded that the tow truck driver's duties were "decidedly local pursuit" and were not "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce." *Id.* at 748.

In *Russell v. Continental Restaurant, Inc.*, 430 F.Supp.2d 521 (D. Md. 2006), the court rejected the plaintiff's argument that she engaged in commerce by serving food from out of state and to out of state patrons. The court noted that the defendant's restaurant was a local restaurant, and while some of the customers were traveling interstate, such fact was insufficient to constitute engaging in commerce. "While serving out-of-state patrons may 'affect' commerce, this activity does not reflect that Plaintiff was employed in the 'channel of commerce.'" *Id.* at 525.

Similarly, Dale Seafood is a small restaurant that serves the local neighborhood in Woodbridge, Virginia. Furthermore, Plaintiff here did not have any direct contact patrons(whether instate or out-of-state), and did not engage in even limited interstate

---

[1] The statute of limitations under FLSA is two years for a simple violation and three years for a willful violation. Assuming *arguendo* that the three-year statute of limitations applies in this case, the relevant time period is April 4, 2012 to April 4, 2015.

communications. Preparing food that out-of-state patrons may have consumed cannot constitute "engaging in commerce," as required by the FLSA.

### III. Conclusion

In enacting Fair Labor Standard Act, Congress intended to leave local business to the states' regulations. *Wirtz*, 323 F.2d at 456. Dale Seafood is such a family owned local business that is exempt from the coverage of the Act. Defendants' Motion to Dismiss should be granted.

Dated: August 6, 2015                    Respectfully submitted,

/s/
Sara M. Sakagami (VSB #77278)
*Counsel for Defendants Dale Seafood, Inc. and Esther Baek Tak*
**DIMUROGINSBERG, PC**
1101 King Street, Suite 610
Alexandria, Virginia  22314
(703) 684-4333 (telephone)
(703) 548-3181 (facsimile)
e-mail: ssakagami@dimuro.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/
Sara M. Sakagami
VSB #77278
*Counsel for Defendants Dale Seafood, Inc. and Esther Baek Tak*
**DIMUROGINSBERG, PC**
1101 King Street, Suite 610
Alexandria, Virginia  22314
(703) 684-4333 (telephone)
(703) 548-3181 (facsimile)
E-mail: ssakagami@dimuro.com

5